IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DARRELL ROBERTS, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:07-CV-094-Y |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Darrell Roberts, TDCJ #1357921, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

By this habeas petition, Roberts challenges a 2006 disciplinary proceeding conducted at the

John Middleton Unit of TDCJ, and the resultant loss of 65 days good time and 30 days recreation and commissary privileges, reduction in class status from L-1 to L-2, and 15 days' solitary confinement. (Disciplinary Hrg. R. at 1.) Roberts was charged in Disciplinary Case No. 20060237103 with extortion, a level 1, code 5.2 violation and possession of contraband, a level 2, code 16 violation. (*Id.* at 3.) The offense report alleged that on April 20, 2006, Roberts–

> Did extort 1 Vienna Chicken Pack, 2 Deodorants, 1 Coffee, 1Grape Soda, 1 Bag Hard Candy, 1 V/8 Juice and 1 Plastic Spoon from Offender Newsom, Kenneth # 1357906 in that Offender Roberts, Darrell # 1357921 filled out the commissary slip for Offender Newsom and then followed him to the commissary to make sure he purchased the items. . . . Did poses [sic] contraband namely 1 Vienna Chicken Pack, 2 Deodorants, 1 Coffee, 1Grape Soda, 1 Bag Hard Candy, 1 V/8 Juice and 1 Plastic Spoon. (*Id.*)

Offender Newsom, who used a wheelchair to get around, filed a complaint on the same date with prison officials alleging that his life was in danger and that Roberts extorted commissary goods from him. Roberts's belongings were searched and various items purchased by Newsom were found in Roberts's possession. (*Id.*)

After receiving notice of the charges, Roberts attended a disciplinary hearing on April 27, 2006, represented by counsel, during which he pled not guilty to extortion but guilty to possession of contraband. (*Id.* at 1.) The charging officer's testimony was elicited during the hearing, Roberts's written and oral statements were allowed, and documentary evidence was admitted, including the offense report, the preliminary investigation report, the victim's written statement, the service investigation work sheet, witness statements obtained by his counsel from offenders assigned to bunks 8, 9, 13, 14, and 32 in the prison dorm where Roberts and Newsom were confined at the

time,[1] commissary order slips, and a photograph of the contraband seized. (*Id.* at 3-25, 29) After considering the evidence, the hearing officer found Roberts guilty of both violations. (*Id.* at 1, 5-15, 21-25, 29) Roberts filed Step 1 and Step 2 grievances contesting the guilty findings, and the Executive Division modified/corrected the records regarding the case by removing the lesser included charge of possession of contraband. (*Id.* at 31; Disciplinary Grievance R. at 1-5.) On February 7, 2007, Roberts filed this federal petition for writ of habeas corpus.[2]

### D. GROUNDS

In one ground, Roberts claims he was denied his right to due process during the disciplinary action because (1) there was no evidence to support a guilty finding, (2) his witnesses were excluded form the hearing, (3) the hearing officer conspired with his counsel by passing notes behind his back, (4) the hearing officer was biased and predisposed toward his guilt, and (5) the charges were fabricated by TDCJ to meet a quota. (Petition at 7; Pet'r Memorandum in Support at 2-7.)

### E. RULE 5 STATEMENT

Quarterman believes Roberts has failed to exhaust his state administrative remedies as to one or more of the claims enumerated above because he did not raise the claims in his Step 1 or Step 2 grievances. (Resp't Answer at 4-5.) A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective

---

[1] The disciplinary hearing was postponed to obtain the written statement of offender Foster on Robert's behalf and resumed on May 1, 2006. (*Id.* at 28-29.)

[2] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, Roberts did not sign or indicate in the petition the date he placed it in the prison mail system. (Petition at 9.) Thus, he is not given the benefit of the mailbox rule. For purposes of these Findings, the petition is considered filed on the date received by the clerk for filing.

process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Thus, a petitioner is not required to pursue habeas corpus relief in state court before filing a petition for a writ of habeas corpus in federal court concerning a disciplinary case. A petitioner is required, however, to exhaust the prison grievance procedures by raising all of his grounds for relief in both the Step 1 and Step 2 grievances before proceeding to federal court. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).

Roberts did not raise claims (1), (4) or (5), enumerated above in both his Step 1 and Step 2 grievances; thus, the claims are unexhausted. Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, the claims are procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523- 24 (5th Cir. 2000).

F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). To the extent the disciplinary proceeding resulted in the loss of recreation and commissary privileges, the reduction in line class status, and solitary confinement, which do not impact the fact or duration of confinement, these claims do not raise a federal due process or other constitutional question. *See Sandlin v. Conner*, 515 U.S. 472, 485-87 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*,

4

174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995).

On the other hand, when a state inmate is eligible and entitled to an early release from prison based on the accumulation of good time credits, he has a protected liberty interest in good time credits and is entitled to minimal procedural due process before he may be deprived of such credits. *Teague v. Quarterman*, 482 F.3d 769, 774-77 (5th Cir. 2007); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 564-66.

In Roberts case, he was notified of the disciplinary charges on April 25, 2006, more than 24 hours before the disciplinary hearing. (Disciplinary Hrg R. at 1.) He was allowed an opportunity to cross-examine the charging officer, to call witnesses and/or offer witness statements and other documentary evidence in support of his defense, and to give written and oral statements. (Disciplinary tape.) Indeed, the hearing was postponed to allow him an opportunity to obtain the statement of an offender who had been moved to another unit. The credibility and reliability of the evidence is left to the discretion of the hearing officer. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001); *Smith v. Rabalais*, 659 F.2d 539, 545-46 (5th Cir. 1981). The hearing officer was entitled to believe the evidence in favor of Roberts's guilt and disbelieve Roberts's explanation for having contraband in his possession. Roberts's assertion, after the fact, that his counsel interviewed

5

the wrong offenders cannot be established as true as Roberts admitted he did not know the names of the inmates who were bunking near him at the time. Finally, Roberts was notified in writing of the evidence relied on and the reasons for the disciplinary action. (Disciplinary Hrg. R. at 1.) Thus, Roberts received all the due process he was entitled.

Roberts's claim that the hearing officer and his counsel passed a note behind his back does not implicate a constitutional violation.

Roberts has failed to show that he has been denied a constitutionally protected interest. Accordingly, Roberts is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Roberts's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 9, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

6

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 9, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 19, 2007.

                                          /s/ Charles Bleil
                                          CHARLES BLEIL
                                          UNITED STATES MAGISTRATE JUDGE